155 N.J. Super. 270 (1978)
382 A.2d 696
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BRAYTON BUTLER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1978.
Decided January 13, 1978.
*271 Before Judges ALLCORN, MORGAN and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Edward J. Dimon, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Philip B. Whitcomb, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Convicted by jury of armed robbery, defendant appeals, contending only that the petit jury which tried him was not properly constituted since the jury panel from which the petit jury was drawn improperly excluded students and clergy, and that the aggregate 12 to 15-year State Prison sentence imposed was excessive. Neither contention has merit.
Defendant's challenge to the constitution of the jury came too late; it was not interposed until after the conclusion of defendant's case. A challenge to the array must be made before any individual juror is examined. R. 1:8-3(b). See also, R. 3:6-2. Relaxation of that rule should only be granted where a prima facie showing of actual prejudice to the right of a defendant to a fair and impartial jury has been made. R. 1:1-2. None has even been alleged here.
Moreover, even were we to consider the issue, we would hold it to be without merit. Students, if they can be considered a "class" at all, are not, in our view, a "cognizable group" exclusion of which will rob a petit, or grand, jury of its cross-sectional quality.[1] As vividly expounded in State v. Porro, 152 N.J. Super. 259 (Law Div. 1977):
*272 Hence, is not a student the embodiment of a cross-section of several identifiable classes present in the community? A student may be 18 or 45. A student may be male or female; black or white. The definition of a student as one engaged in a course of study defies further definition. The possibilities raised by such a definition are many. This court sees no common bond existing between a student of nuclear physics and a student of the arts, a student of modern languages and a student of air-conditioning and refrigeration, and a student of theology and a student of the ballet  other than the pursuit of study. It is for these reasons that the court must find that students do not constitute a cognizable class of constitutional dimensions whereby their exclusion would deprive defendants of indictment by a grand jury of integrity, representative of a valid cross-section of the community. * * * [at 272]
Although defendant did not address any specific argument to the alleged exclusion of clergymen, the remarks pertaining to the excluded students apply as well to clergymen.
We also find defendant's assertion concerning the quantum of the sentence imposed to be without merit, warranting no interference by this court. Although only 20 years of age, defendant has a substantial juvenile record. When 16 years of age, he was tried, as an adult, for murder. It was only months after his release from custody on that charge that he was arrested on the present charge of armed robbery. We respect the reasons given by the trial judge for the sentence imposed:
* * * Defendant previously involved in armed robbery during which a killing ensued; defendant manifests violent propensities and utter disregard of the rules of society; past rehabilitation efforts have failed; punishment is required for the safety of the public.
We do not find the sentence excessive or unduly punitive.
Affirmed.
NOTES
[1] Defendant did not allege that all students were automatically excluded from petit jury service, but only non-working students and those attending out-of-state schools.